**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **BILLY E. LOFTIN, JR.** | : | **DOCKET NO. 06-2073** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALLSTATE INDEMNITY COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On September 21, 2006, Billy E. Loftin, Jr. filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendant was Allstate Indemnity Company. Loftin alleges that Allstate provided homeowner's insurance for his home located at 2508 Brent Keith Drive, Lake Charles, Louisiana. (*See*, Petition, ¶¶ 3-4). Plaintiff alleges that his house sustained significant damage as a result of Hurricane Rita. *Id*. at ¶ 6. He further claims damages for significant relocation costs, debris removal, and to replace items and lost contents. *Id*. at ¶ 7. Plaintiff states that Allstate did not fully and justly compensate him for the foregoing damages. *Id*. at ¶ 11. Accordingly, Loftin seeks recovery for the foregoing damages, plus penalties, costs, and attorney's fees. (Petition, ¶¶ 17-18, Prayer).

On November 6, 2006, Allstate, removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On November 15, 2006, plaintiff filed the instant motion to remand and request for costs [doc. # 9]. The motion seeks remand on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is not present.

The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  "The defendant may make this showing in either of two ways:  (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'"  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).  However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id.*  Here, the petition contains no such limitation.  Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy.  This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938).  Accordingly, it is "facially apparent" that the amount in controversy exceeds $ 75,000.

The foregoing notwithstanding, the court observes that plaintiff alleges that his policy provided coverage totaling $ 262,120.00.  (Petition, ¶ 5).  Plaintiff further states that his house suffered "significant" damage, and that he sustained "significant" relocation damages, debris removal, and item replacement costs.  *Id*. at ¶¶ 6-7.  Plaintiff seeks an additional 50 percent of

---

[1]  The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

these unpaid damages as a penalty pursuant to Louisiana Revised Statute 22:658. (Petition, ¶ 16). Combining these sums with Loftin's claim for attorney's fees and additional material costs easily pushes the amount in controversy beyond $ 75,000. *See*, *Dixon v. First Premium Ins. Group*, 934 So.2d 134 (La. App. 1ˢᵗ Cir. 2006)($25,000 in fees awarded on a $19,000 insurance claim); *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La. App. 1ˢᵗ Cir. 1991)(attorney's fee award premised on 1/3 contingency fee).

Loftin attached to his motion an affidavit averring that his damages do not exceed $75,000. However, it is axiomatic that when resolving a motion to remand, we look at jurisdictional facts as they exist *at the time the case was removed*. *Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)(*"ANPAC"*). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5ᵗʰ Cir. 2000)(citing, *ANPAC, supra*).

Here however, there was no ambiguity regarding the amount in controversy at the time of removal. It was facially apparent that plaintiff's damages exceeded the jurisdictional threshold. *See*, discussion, *supra*. Accordingly, we cannot consider plaintiff's post-removal affidavit in assessing the amount in controversy. *Gebbia, supra*.

For the foregoing reasons, the undersigned finds that defendant has established by a preponderance of evidence that the amount in controversy exceeds $ 75,000. The court may properly exercise diversity jurisdiction. 28 U.S.C. § 1332. Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 9] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's request for costs be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on January 8, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE